## HARRISS v. LEEPER BROS. LUMBER CO. et al.

No. 7386—Opinion Filed Nov. 26, 1918.

Rehearing Denied Feb. 1, 1919.

(176 Pac. 412.)

**Evidence—Judicial Notice — Presumption— Quantum of Indian Blood.**

This court will not take judicial notice of the quantum of Indian blood possessed by a member of the Chickasaw Tribe, and, in the absence of proof, will not presume that such Indian is of such a quantum of blood as to render her land subject to restriction.

(Syllabus by Rummons, C.)

Error from District Court, Pontotoc County; Robert M. Rainey, Judge.

Action by Leeper Bros. Lumber Company against F. O. Harriss and Mamie Harriss. From an order overruling the motion of Mamie Harriss to recall and set aside an execution, Mamie Harriss appeals. Affirmed.

See, also, 57 Okla. 660, 157 Pac. 739.

Reuben M. Roddie, for plaintiff in error.

J. F. McKeel, for defendants in error.

Opinion by RUMMONS, C. In this action Leeper Bros. Lumber Company, a corporation, recovered judgment in the district court of Pontotoc county against F. O. Harriss, for the amount due it upon a promissory note, which sum was decreed to be a mechanic's lien upon a certain dwelling house situated upon lands belonging to the plaintiff in error, and said judgment decreed the sale of said dwelling house to satisy said lien. Thereafter an order of sale duly issued upon said judgment. Thereupon the plaintiff in error filed the motion to recall said order of sale and to set aside the same for the reason that the lands upon which the dwelling house was situated were the property of the plaintiff in error, a Chickasaw Indian of three-fourths blood, and constituted her homestead allotment. Notice of the hearing of this motion was duly served upon the defendant in error, Leeper Bros. Lumber Company, and said motion was submitted to the court and by the court overruled. So far as the record discloses, no evidence whatever was offered at the hearing upon motion. The plaintiff in error, feeling aggrieved at the overruling of the motion by the court, prosecutes this proceeding in error to reverse the same.

It is urged in behalf of plaintiff in error that the judgment upon which the order of sale issued was void for the reason that the building upon which the defendant in error was adjudged to have a lien was a part of the homestead allotment of the plaintiff in error, who, being a Chickasaw Indian of three-fourths blood, was under restriction, and therefore the lien could not attach to said building, and the judgment foreclosing such lien was a nullity. We cannot, however, take judicial notice of the quantum of Indian blood possessed by a member of the Chickasaw Tribe. Moffer v. Jones, 67 Okla. 171, 169 Pac. 652. We cannot therefore presume, in the absence of proof, that the plaintiff in error was of such a degree of Indian blood as to prevent the mechanic's lien from attaching to her lands.

It must be borne in mind that this is not a direct attack upon the judgment of the court, but only upon its process. The judgment upon which the process was issued appearing to be regular and valid upon its face, there being no complaint of the regularity and validity of the process, and there being no evidence offered to impeach the validity of the judgment the judgment of the trial court should be affirmed.

By the Court: It is so ordered.